IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CITIGROUP GLOBAL MARKETS HOLDINGS, INC., and CITIGROUP GLOBAL MARKETS, INC., d/b/a Smith Barney,** § § § § | | |
| Plaintiffs, § | | |
| v. § | CIVIL ACTION NO. | |
| § | SA-08-CV-0791 FB (NN) | |
| **ERNEST P. ELAM,** § | | |
| Defendant. § | | |

**ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL**

The matter before the court is defendant Ernest P. Elam's request for appointment of counsel.[1] Plaintiffs Citigroup Global Markets Holdings, Inc., and Citigroup Global Markets, Inc., sued Elam to confirm an arbitration award. Elam has requested an attorney based on financial hardship pertaining to this case.

The Fifth Circuit has directed that requests for appointment of counsel in civil cases will be granted only upon a showing of "exceptional circumstances" considering the following four factors:

> (1) the type and complexity of the case;
> (2) whether the [pro se litigant] is capable of adequately presenting his case;
> (3) whether the [pro se litigant] is in a position to investigate adequately the case; and
> (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[2]

---

[1] Docket entry # 6.

[2] *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

A plaintiff in a civil case has no absolute right to appointment of an attorney.[3] Attorneys who volunteer to represent litigants pro bono are precious commodities, not to be used indiscriminately.[4] The pro se litigant has the burden of persuasion as to the necessity of the appointment.[5]

Applying these factors to this case, I deny Elam's request for court-appointed counsel. Given the information available at this point, it is unclear whether Elam has a defense to confirmation of the arbitration award. The complaint includes a promissory note in which Elam agreed to arbitrate disputes arising from the note and an arbitration award in favor on the plaintiffs. The case does not appear to be complex. There is no indication that resolution of this case will involve conflicting testimony. Elam stated that he earns $8,000.00 per month as a consultant for AFLAC, indicating an ability to adequately present a defense and to investigate the case. Although Elam's monthly expenses may exceed his monthly income, Elam has not shown that he cannot obtain an attorney without depriving himself and his family of the basic necessities of life. I find that this is not the type of complex case in which appointment of counsel is needed, either for the parties or the court. Because Elam failed to establish entitlement to appointment of counsel, Elam's motion (docket entry # 6) is DENIED.

---

[3] *Pennington v. Tex. Highway Dep't*, 990 F.2d 627, 627 (5th Cir. 1993.

[4] *See Tabron v Grace*, 6 F.3d 147, 157 (3d Cir. 1993); *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989).

[5] *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1310 (5th Cir. 1977).

With this matter resolved, the court will interpret Elam's letter stating that he needed at least 30 days to obtain legal representation and file answer[6] as a motion for additional time in which to answer. Ordinarily, a defendant must serve a answer "within 20 days after being served with the summons and complaint."[7] But because Elam has indicated he seeks legal representation, I EXTEND the time for answering until December 15, 2008.

**SIGNED** on November 14, 2008.

                                                */s/ Nancy Stein Nowak*
                                                NANCY STEIN NOWAK
                                                UNITED STATES MAGISTRATE JUDGE

---

[6] Docket entry # 5.

[7] Fed. R. Civ. P. 12(a)(1).