# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CITIGROUP GLOBAL MARKETS HOLDINGS, INC., and CITIGROUP GLOBAL MARKETS, INC., d/b/a Smith Barney,** | § § § § § | |
| **Plaintiffs,** | § § | |
| v. | § § § | CIVIL ACTION NO. SA-08-CV-0791 FB (NN) |
| **ERNEST P. ELAM,** | § § | |
| **Defendant.** | § § | |

## REPORT AND RECOMMENDATION

**To:** Honorable Fred Biery
United States District Judge

This report and recommendation addresses the "motion to confirm arbitration award" filed by plaintiffs Citigroup Global Markets Holdings and Citigroup Global Markets, Inc., d/b/a Smith Barney (together Smith Barney).[1] The district court has jurisdiction over this case because the parties are diverse and the amount in controversy exceeds $75,000.00.[2] I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[3] After considering Smith Barney's motion, I recommend granting the motion and confirming the

---

[1]Docket entry # 1.

[2]28 U.S.C. § 1332(a).

[3]Docket entry # 7.

arbitrators' award.

In its motion, Smith Barney asked the court to confirm an arbitration award rendered against defendant Ernest P. Elam. Smith Barney asserted that Elam defaulted on a promissory note, dated August 19, 2004, in the original principal amount of $270,878.00 (the note). Smith Barney stated that the note included an arbitration clause in which Smith Barney and Elam agreed "that any controversy arising out of or relating to this Note, or default hereunder, shall be submitted to and settled by arbitration pursuant to the constitution, by-laws, rules and regulations then in effect of the New York Stock Exchange, Inc. or National Association Securities Dealers, Inc."[4] Smith Barney explained that the parties to the note executed post-dispute Uniform Submission Agreements submitting the underlying dispute to arbitration before the National Association of Securities Dealers Dispute Resolution. Smith Barney submitted a copy of the resulting arbitrators' award. The arbitrators rendered an award in favor of Smith Barney on July 27, 2008 and ordered Elam to pay Smith Barney the principal sum of $193,484.28; attorney's fees in the amount of $15,768.70; and interest at the rate of 5% per annum on any unpaid balance beginning 30 days from service of the award.[5] These facts are undisputed.

The Federal Arbitration Act (FAA) established "a liberal federal policy favoring arbitration agreements. . . ."[6] The FAA provides that an arbitration agreement "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

---

[4]Docket entry # 1, exh. A, ¶ 9.

[5]Docket entry # 1, exh. C, p. 2.

[6]*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

2

revocation of any contract."[7] The FAA permits a party to the arbitration agreement to ask a federal court for an order confirming an arbitrator's award.[8] The court "must grant such an order unless the award is vacated, modified, or corrected . . . ."[9]

Liberally construing his response to the motion to confirm arbitration, Elam—acting on his own behalf—asked the district court to vacate the award.[10] The FAA permits the district court to vacate an award for four reasons:

> (1) . . . the award was procured by corruption, fraud, or undue means;
> (2) . . . there was evident partiality or corruption in the arbitrators, or either of them;
> (3) . . . the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) . . . the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.[11]

Absent these reasons, the district court cannot vacate an award.[12] None of the reasons are implicated in this case.

In his response, Elam set out equitable reasons why the court should not confirm the

---

[7] 9 U.S.C. § 2.

[8] *See* 9 U.S.C. § 9.

[9] *Id.*

[10] Docket entry # 14, p. 5.

[11] 9 U.S.C. § 10(a).

[12] *See Gulf Coast Indus. Workers Union v. Exxon Co.*, 70 F.3d 847, 850 (5th Cir. 1995) ("Under the [FAA, a court] can only disturb an arbitration award on the grounds set out in that Act.").

3

arbitration award,[13] but he did not rely on a reason provided for in the FAA. Elam did not assert that the award was procured by corruption, fraud, or undue means. He did not maintain that there was evident partiality or corruption in the arbitrators. He did not allege that the arbitrators were guilty of misconduct in refusing to postpone the hearing or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced. He has not argued that the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. Even if equitable reasons exist why Elam should not be required to repay the money due on the promissory note, the district court has no authority to vacate the arbitrators' award. Elam has asked for a hearing on the merits of the award, but the district court need not conduct a hearing because the permitted reasons for vacating an award are not present in this case.

**Recommendation**. Because no permissive reason exists for vacating the arbitrator's award, I recommend GRANTING the motion to confirm arbitration award (docket entry # 1) and CONFIRMING the award.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified

---

[13]*See* docket entry # 14 (explaining that the loan was a forgivable loan, he was misled about the requirement to repay the loan when he resigned from Smith Barney, Smith Barney pursued repayment because Elam's departure reduced the branch manager's year-end bonus, and Smith Barney benefits from commissions generated by Elam's former clients).

mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[14] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[15] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[16]

**SIGNED** on March 6, 2009.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[14] 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

[15] *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[16] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

5